## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                          )
**UNITED STATES OF AMERICA**                              )
                                                          )
                                                          )
            **v.**                                        )        **Criminal No. 19-cr-00290 (ESH)**
                                                          )
**FETEHI MOHAMMED,**                                      )
                                                          )
                          **Defendant.**                  )
_____)

## MEMORANDUM OPINION & ORDER

Before the Court is defendant Fetehi Mohammed's Motion for Modification of Term of

Imprisonment under 18 U.S.C. § 3582(c)(1)(A).  (*See* Def.'s Mot., ECF No. 23.)  He argues that

as he is a "non-violent, no prior history, first offender with a serious medical vulnerability," the

Court should reduce his sentence.  (*See id.* at 5.)  The government opposes Mohammed's motion,

arguing that he has not met the requirements of Section 3582(c)(1)(A).  (*See* Gov't's Opp., ECF

No. 24.)  For the reasons stated below, the Court denies Mohammed's motion.

## BACKGROUND

 On September 30, 2019, Mohammed pled guilty to one count of interstate transportation

of money taken by fraud, in violation of 18 U.S.C. § 2314, and one count of engaging in

monetary transactions in property derived from specified unlawful activity—here, bank fraud—

in violation of 18 U.S.C. § 1957.  (*See* Information, ECF No. 1.)  Mohammed was employed as a

branch manager at Wells Fargo Bank in Alexandra, Virginia, and in that position he

"ingratiate[d] himself with elderly bank customers," who he then asked to "sign blank

withdrawal slips relating to their bank accounts, which he later used to fraudulently obtain funds

that were in customer accounts."  (Statement of Offense ¶¶ 8, 9, ECF No. 7.)  In this way he

amassed over $500,000 in fraudulently obtained funds, almost all of which he had spent by March 2019.  (*See id.* ¶ 15.)

On January 8, 2020, this Court sentenced Mohammed to thirty-three months of imprisonment, as well as thirty-six months of supervised release.  (*See* Judgment, ECF No. 21.) The Court also ordered an assessment of $200 and restitution of $509,864.95 to Wells Fargo. (*See id.*)

Mohammed self-surrendered on February 14, 2020 (*see* Gov't Opp. at 2), and is currently incarcerated at Federal Correctional Institution Cumberland ("FCI Cumberland"), in Cumberland, Maryland.  "With credit for time served, and good credit time earned and projected, defendant is projected for release on June 11, 2022, and he will be eligible for home detention on December 7, 2021."  (*Id.*)  On April 14, 2020, Mohammed requested that FCI Cumberland's Warden make a motion for compassionate release on his behalf.  (*See* Def.'s Mot. at 2.)  While his request was acknowledged on April 22, 2020, he has received no further response.  (*See id.*) He filed the instant motion for "modification of [his] term of imprisonment" on May 22, 2020.[1]

## ANALYSIS

## I.    LEGAL STANDARD

18 U.S.C. § 3582(c) provides, in relevant part, that—

> The court may not modify a term of imprisonment once it has been imposed
> except that . . .

---

[1] To the extent Mohammed moves for the Court to "subject him to house arrest so that his place of confinement is not a prison where he risks a fatal exposure" (*see* Def.'s Mot. at 7), the Court construes this as an extension of his argument for a sentence reduction under Section 3582(c)(1)(A), which gives courts the ability to "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."  Otherwise, the defendant provides no statutory support for his argument that the Court may designate his place of imprisonment, as such power is delegated to the BOP.  *See* 18 U.S.C. § 3621(b).

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

This section represents an expansion of the original regime of compassionate release, which only allowed courts to hear motions brought by the Director of the Bureau of Prisons ("BOP"). As amended by the First Step Act of 2018, the section now permits a *defendant* to move for compassionate release on his own behalf. *See* Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018) ("Increasing the Use and Transparency of Compassionate Release"). However, before coming to court the statute requires that a defendant either exhaust his administrative remedies within the BOP or wait thirty days after submitting a request to the BOP that it file a motion on his behalf. For a Court to grant a motion for compassionate release (made by either the BOP or a defendant), it must find "extraordinary and compelling reasons" to reduce a defendant's sentence.[2] Furthermore, even if a Court concludes that a defendant has presented such reasons, it must also "consider[] the factors set forth in section 3553(a)." *See* 18 U.S.C. § 3582(c)(1)(A).

      As noted above, on April 14, 2020, Mohammed requested relief from the Warden of FCI Cumberland. While he received an acknowledgement of his request, he has received no further answer. More than 30 days has passed since that request, and Mohammed has therefore met the

---

[2] Section 3582(c)(1)(A) also provides that if a defendant is at least 70 years old and has served a certain number of years in prison, his sentence may be reduced. *See* 18 U.S.C. 3582(c)(1)(A)(ii). However, as Mohammed is only 34, that subsection is not relevant, and the Court need only consider whether there exist "extraordinary and compelling reasons."

exhaustion requirement of Section 3582(c)(1)(A). The Court will thus turn to the merits of Mohammed's motion.

## II.    MOTION FOR RELEASE

Mohammed argues that "his serious permanent health problem and the risk contracting the Virus will pose for him" (Def.'s Mot. at 2), constitute an extraordinary and compelling reason warranting the reduction of his sentence.  He notes two health problems: (1) in his motion, he argues that he has "liver disease caused by his Hepatitis B condition" (*id.* at 1); (2) in his reply brief, he argues that "he also suffers from Valvular Heart Disease and Atrial Fibrillation."  (*See* Reply at 2, ECF No. 26.)

The commentary to Section 1B1.13 of the United States Sentencing Guidelines ("USSG") defines "extraordinary and compelling reasons" as including: (1) certain medical conditions; (2) the age of the defendant; (3) family circumstances of the defendant; and (4) reasons "other than, or in combination with, the reasons described" in the three previous subsections.  Medical conditions warranting a reduction in sentence include both terminal illnesses and also other chronic conditions that "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* at Application Note 1(A)(i)-(ii).  The "extraordinary and compelling reason," whatever it may be, "need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment."  *See id.* at Application Note 2.  Regardless of whether the Court considers Section 1B1.13 and its commentary binding or merely helpful in light of the passage of the First Step Act,[3] "[t]he court is in a unique position

---

[3] Section 1B1.13 only references "motion[s] of the Director of the Bureau of Prisons" when describing what constitutes an "extraordinary and compelling reason," as it has not been amended since the First Step Act of 2018 provided an avenue for defendants to make their own motions.  In that way it is "anachronistic," *United States v. Asaro*, 2020 WL 1899221, at *4

to determine whether the circumstances warrant a reduction" of a defendant's sentence.  *See id.* at Application Note 4.

Neither of Mohammed's health problems rise to the level of an "extraordinary or compelling reason" warranting a sentence reduction.  While the Centers for Disease Control and Prevention ("CDC") list "chronic liver disease" as a factor leading to higher risk due to COVID-19, they "have no information about whether people with hepatitis B or hepatitis C are at increased risk for getting COVID-19 or having severe COVID-19."  *See* Centers for Disease Control and Prevention, *What to Know About Liver Disease and COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html (last accessed June 9, 2020).  Moreover, Mohammed's medical records state "that Defendant tested negative for the HBeAG antigen and his viral load was *so low that he does not need treatment for Hepatitis B*."  (Gov't Opp. at 14 (emphasis added).)  The Court thus cannot conclude that Mohammed's Hepatitis B diagnosis "*substantially* diminishes [his] ability" to care for himself in the environment of FCI Cumberland.  *See* USSG § 1B1.13 at Application Note 1(A)(ii) (emphasis added).  The same is true for defendant's heart condition.  While he suffers from "Valvular Heart Disease and Atrial Fibrillation," prison medical staff have recommended and provided anticoagulant medication as treatment.  (*See* Reply at 2.)  There is no evidence that

---

(E.D.N.Y. Apr. 17, 2020) (internal quotation marks omitted), as it has not been changed since Congress "further increase[d] the use of compassionate release and . . . explicitly allow[ed] courts to grant such motions even when [the BOP] finds they are not appropriate."  *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019).  "Because the Commission's statutory authority is limited to explaining the appropriate use of sentence-modification provisions under the *current* statute," *United States v. Cantu*, 423 F. Supp. 3d 345, 350 (S.D. Tex. 2019) (emphasis in original), several courts have concluded that while the current policy statement may be helpful, "it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction" under the regime created by the First Step Act.  *Beck*, 425 F. Supp. 3d at 579.

defendant's condition has worsened, or that it is at a level that would "substantially diminish" his ability to care for himself while imprisoned.

Moreover, even assuming that Mohammed *had* presented an "extraordinary and compelling reason," an analysis of the factors under 18 U.S.C. § 3553(a) counsels against his release. The Court agrees that Mohammed is "not someone who poses a risk to the community." (Reply at 3.) He was a first-time offender, and the BOP lists him as at a "low" risk for recidivism. (*See id.*) However, "as of May 22, 2020, Defendant ha[d] served only 91 days of his [thirty-three month] sentence." (*See* Gov't Opp. at 7.) This is only approximately 10% of his sentence. As a result, "[w]ith the exception of COVID- 19, the [3553(a)] factors have not changed" (*see id.* 16), and are still consonant with the sentence the Court initially imposed.

## CONCLUSION

For the foregoing reasons, the Court concludes that Mohammed has not demonstrated the existence of an "extraordinary and compelling reason" for a reduction in his sentence. *See* 18 U.S.C. § 3852(c)(1)(A)(i). Moreover, the Court concludes that the factors under 18 U.S.C. § 3553(a) counsel against a reduction in his sentence at this time. The Court will therefore **DENY** Mohammed's Motion for Modification of Term of Imprisonment (ECF No. 23.).

ELLEN S. HUVELLE
United States District Judge

Date: June 9, 2020

6